1
2
3
4
5
6
7
8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL OCAMPO,<br><br>                    Petitioner,<br><br>          v.<br><br>Warden, CMC Prison,<br><br>                    Respondent. | Case No. CV 16-9549 FMO (MRW)<br><br>**ORDER DISMISSING**<br>**UNEXHAUSTED HABEAS ACTION** |

    The Court summarily dismisses this unexhausted habeas action pursuant to 28 U.S.C. §§ 2243 and 2254(b).

                              * * *

    This is a state habeas action.  Petitioner is serving a four-year prison term based on his guilty plea for battery on a peace officer.

    The gist of his habeas claim in this Court is that he is allegedly being forced to take psychiatric medication while in custody.  According to the petition, the trial court sentenced Petitioner in December 2016.  Petitioner does not appear to have presented this claim in any state court proceeding.  Also, according to the petition,

1   Petitioner does not appear to have appealed his conviction or sentence to the state
2   supreme court.

3        Petitioner commenced the present habeas action in this Court in late
4   December 2016.  Magistrate Judge Wilner screened Petitioner's current petition.
5   (Docket # 3.)  The magistrate judge informed Petitioner of the requirement under
6   AEDPA to exhaust his claims in the state supreme court before seeking relief in
7   federal court.  Judge Wilner directed Petitioner to submit a statement explaining
8   whether he: (a) intended to pursue habeas relief in state court; or (b) could
9   truthfully establish that he properly exhausted his claims before filing the federal
10  action.  If not, the magistrate judge warned Petitioner that his action was subject to
11  dismissal.  (Id.)  Petitioner failed to file any statement in response.

12                                         * * *

13       If it "appears from the application that the applicant or person detained is not
14  entitled" to habeas relief, a court may dismiss a habeas action without ordering
15  service on the responding party.  28 U.S.C. § 2243; see also Rule 4 of Rules
16  Governing Section 2254 Cases in United States District Courts (petition may be
17  summarily dismissed if petitioner plainly not entitled to relief); Local Civil
18  Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal
19  to district judge "if it plainly appears from the face of the petition [ ] that the
20  petitioner is not entitled to relief").

21       Under federal law, a prisoner must exhaust (that is, present) his claims in the
22  California Supreme Court before seeking relief in federal court.  28 U.S.C.
23  § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982).  Moreover, this Court can
24  only issue a writ of habeas corpus on a showing that a state court issued a decision
25  that was contrary to or an unreasonable application of clearly established federal
26  law.  28 U.S.C. § 2254(d)(1).

27       According to the petition, Petitioner does not allege that he exhausted any
28  constitutional claim by presenting it to the state supreme court before filing in

                                          2

federal court.  Indeed, it does not appear that Petitioner pursued any appellate relief in state court following his recent conviction.  As a result, Petitioner's pleading is defective and subject to dismissal on its face.  Moreover, when the magistrate judge gave Petitioner an opportunity to cure the apparent defect with his petition, Petitioner ignored the Court's order and failed to provide any information to save his flawed petition.

The unexhausted petition is subject to summary dismissal.  28 U.S.C. §§ 2243, 2254(b); Local Civil Rule 72-3.2.  The action is therefore DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: February 17, 2017            _____/s/_____
                                    HON. FERNANDO M. OLGUIN
                                    UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

3